Filed 12/18/13  P. v. McHenry CA1/5

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION FIVE

| | |
|---|---|
| THE PEOPLE,<br><br>Plaintiff and Respondent,<br><br>v.<br><br>CHRISTOPHER R. MCHENRY,<br><br>Defendant and Appellant. | A139173<br><br>(San Mateo County<br>Super. Ct. No. SC042757A) |

In January 1999, Christopher R. McHenry was sentenced under the "Three Strikes" law to two consecutive 25-year-to-life terms plus a consecutive 20-year term for four 5-year serious felony enhancements.  McHenry filed a petition for a writ of habeas corpus seeking resentencing under Penal Code section 1170.126.[1]  The trial court found McHenry ineligible for resentencing and denied the petition.  He appeals.

Assigned counsel has submitted a *Wende*[2] brief, certifying that counsel has been unable to identify any issues for appellate review.  Counsel also has submitted a declaration confirming that McHenry has been advised of his right to personally file a supplemental brief raising any points which he wishes to call to the court's attention.  No supplemental brief has been submitted.  As required, we have independently reviewed the record.  (*People v. Kelly* (2006) 40 Cal.4th 106, 109–110.)

We find no arguable issues and therefore affirm.

---

[1] All further statutory references are to the Penal Code unless otherwise indicated.

[2] *People v. Wende* (1979) 25 Cal.3d 436.

1

McHenry was convicted in 1998 of multiple felonies, including carjacking (§ 215, subd. (a)), second degree robbery (§ 212.5, subd. (c)), vehicle theft (Veh. Code, § 10851, subd. (a)), felony evading a peace officer (Veh. Code, § 2800.2), and three counts of felony assault with a deadly weapon (automobile) on a peace officer (§ 245, subd. (c)). Among the multiple special allegations found true were three prior strike convictions (§ 1170.12) and four prior serious felony convictions (§ 667, subd. (a)). In January 1999, McHenry was sentenced, inter alia, to two consecutive 25-years-to-life terms for carjacking and one count of felony assault with a deadly weapon (automobile) on a peace officer plus a consecutive 20-year term for the four 5-year serious felony enhancements. Judgment was affirmed by this court. (*People v. McHenry* (May 1, 2000, A085833) [nonpub. opn.].)

On December 12, 2012, McHenry filed a pro se petition for a writ of habeas corpus seeking resentencing under Proposition 36[3] and section 1170.126. The district attorney opposed the petition, arguing that McHenry was statutorily ineligible for resentencing by virtue of his convictions for two violent felonies (carjacking, § 215, subd. (a); robbery, § 212.5, subd. (c)), and two serious felonies (two counts of assault with a deadly weapon on a peace officer, § 245, subd. (c)), and that the court should in any event deny resentencing because McHenry would pose an unreasonable risk of danger to public safety (§ 1170.126, subd. (f)).

Counsel was appointed to represent McHenry. A hearing on the petition was held on May 21, 2013, before the Honorable Barbara Mallach, the original sentencing judge. The district attorney reiterated his position that McHenry was excluded from consideration for resentencing by the terms of the statute. McHenry's counsel conceded that "I have not found a creative way to convince the Court that someone with these particular offenses can get out from under the serious or violent felony list, which is in

_____

[3] On November 6, 2012, voters approved Proposition 36, also known as the "Three Strikes Reform Act of 2012" (Reform Act).

2

the statute itself." While acknowledging that he did not "have any authority," counsel said that, "[M]y only argument is to see if the Court could find any way under [section] 1385 . . . to make a person, who I think is statutorily ineligible, eligible." The court denied the petition.

McHenry filed a timely notice of appeal.

## DISCUSSION

"The Reform Act amended the Three Strikes law so that an indeterminate term of 25 years to life in prison is applied only where the 'third strike' conviction is a serious or violent felony, or where the prosecution pleads and proves other specific factors. (§§ 667, subd. (e)(2)(C), 1170.12, subd. (c)(2)(C).) The Reform Act also added section 1170.126, which allows inmates sentenced under the previous version of the Three Strikes law to petition for a recall of their sentence if they would not have been sentenced to an indeterminate life sentence under the Reform Act. (§ 1170.126, subds. (a)–(b).) An inmate is eligible for resentencing if various criteria are met, including that the inmate's commitment offense was not a serious or violent felony. (§ 1170.126, subd. (e).) [¶] The trial court's consideration of a petition under the Reform Act is a two-step process. First, the trial determines whether the petitioner is eligible for resentencing. (§ 1170.126, subd. (f).) If the petitioner is eligible, the trial court proceeds to the second step, and resentences the petitioner under the Reform Act unless it determines that to do so would pose 'an unreasonable risk of danger to public safety.' (§ 1170.126, subd. (f).)" (*People v. Wortham* (2013) 220 Cal.App.4th 1018, 1021 (*Wortham*).)

There is a split of appellate opinion on whether a trial court's initial eligibility determination under the Reform Act results in an appealable order. In *Wortham, supra,* 220 Cal.App.4th 1018, Division Four of this court concluded that such an order is appealable because it affects substantial rights. (Cf. *People v. Leggett* (2013) 219 Cal.App.4th 846, 852–853 [concluding that a trial court's order regarding an inmate's eligibility under the Reform Act is nonappealable].) Our Supreme Court has granted review to resolve the issue. (*Teal v. Superior Court* (2013) 217 Cal.App.4th 308,

3

review granted July 31, 2013, S211708; *People v. Hurtado* (2013) 216 Cal.App.4th 941, review granted July 31, 2013, S212017.)  Until the Supreme Court resolves this conflict, we adopt the reasoning of our colleagues in *Wortham*, and address the appeal on the merits.

We find no arguable issue.  Section 1170.126, subdivision (b), provides that "Any person serving an indeterminate term of life imprisonment imposed pursuant to paragraph (2) of subdivision (e) of Section 667 or paragraph (2) of subdivision (c) of Section 1170.12 upon conviction, whether by trial or plea, of a felony or felonies *that are not defined as serious and/or violent felonies by subdivision* (*c*) *of Section 667.5 or subdivision* (*c*) *of Section 1192.7*, may file a petition for a recall of sentence, within two years after the effective date of the act that added this section or at a later date upon a showing of good cause, before the trial court that entered the judgment of conviction in his or her case, to request resentencing in accordance with the provisions of subdivision (e) of Section 667, and subdivision (c) of Section 1170.12, as those statutes have been amended by the [Reform Act]."  (Italics added.)  An inmate is "eligible for resentencing if: . . . The inmate is serving an indeterminate term of life imprisonment imposed pursuant to paragraph (2) of subdivision (e) of Section 667 or subdivision (c) of Section 1170.12 for a conviction of a felony or felonies that are *not defined as serious and/or violent felonies by subdivision* (*c*) *of Section 667.5 or subdivision* (*c*) *of Section 1192.7*."  (§ 1170.126, subd. (e)(1), italics added.)  McHenry's commitment offenses include two "violent felonies" under section 667.5, subdivision (c) and two "serious felonies" as defined under section 1192.7, subdivision (c), and he was not eligible for resentencing.

**DISPOSITION**

The trial court's order denying the petition is affirmed.

_____

Bruiniers, J.

We concur:

_____

Simons, Acting P. J.

_____

Needham, J.